MURPHY, Circuit Judge,
concurring.
I concur with the panel’s conclusion that the process provided to BCI did not meet the minimum requirements of due process and that therefore DOE’s order should be vacated. Nevertheless, I write separately to note that the interest of the government in a case such as this is substantial and that the DOE likely would have had the ability to conduct a hearing that complied with the requirements of due process consistent with § 1553.
The time sensitive nature of the Recovery Act bears on the due process inquiry here. Due process is a flexible concept that lacks “fixed content.” Mathews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). So long as the fundamental requirement of an opportunity to be heard “at a meaningful time and in meaningful manner” is met, due process only “calls for such procedural protections as the particular situation demands.” Id. at 333-334, 96 S.Ct. 893 (internal quotation marks omitted) (citations omitted). Thus, it is not every case in which “a hearing closely approximating a judicial trial is necessary.” See id. at 333, 96 S.Ct. 893.
• Assessing the government’s interest requires consideration of the governmental “function involved.” Id. at 334, 96 S.Ct. 893. As the panel correctly states, the government’s interest in protecting whis-tleblowers is substantial. Supra at 379-80. It is also significant that through the Recovery Act the government intended to hasten economic recovery by targeted expenditure of certain funds. Congress passed the Act with the statutory purpose to preserve and create jobs, promote economic recovery, and assist those most impacted by the recession. ARRA § 3(a), 123 Stat. at 115-16.
The Congressional desire for prompt action is made evident in the text of the *384 statute. The Act instructs the executive authorities charged with its enforcement to commence “expenditures and activities as quickly as possible consistent with prudent management.” Id. § 3(b), 123 Stat. at 116. In a likely attempt to stimulate spending, Congress also placed sunsets on the availability of certain funding. For example, the Inspector General received a $14,000,000 increase in funding for “oversight and audit” of ARRA expenditures, and the statute provides that this sum “shall remain available through September 30, 2012.” Id. tit. VIII, 123 Stat. at 184. The government thus has a strong interest not only in protecting whistleblowers, but also in ensuring they are promptly paid what they are due under the Act. This interest means that extensive procedures should not be required so long as a contracting company like BCI receives the minimum process required, which includes an opportunity to cross examine adverse witnesses, see Brock, 481 U.S. at 266, 107 S.Ct. 1740.
The DOE had the statutory authority for the process due in this case. Under 20 U.S.C. § 1234, the DOE’s office of ALJs has the ability to conduct “proceedings designated by the Secretary.” 20 U.S.C. § 1234(a)(4). The government contends that any hearing would have to occur within the 30 day period § 1553 provides for the Secretary to reach a decision, and that this time frame is insufficient because according to the DOE, hearings take between four months and two years. Supra at 382 n. 4. There has been no articulated reason why a hearing with the opportunity for presentation of evidence and witnesses could not be held during the time § 1553 allocates for the Inspector General to investigate a complaint.
Under the statutory scheme the Inspector General is given 180 days to conduct an investigation and submit a report. Supra at 376-77. This period may be extended for any additional period of time agreed upon by the Inspector General and the complainant, ARRA § 1553(b)(2)(B)®, 123 Stat. at 298, or for an additional 180 days by the Inspector General alone, id. § 1553(b)(2)(B)(ii), 123 Stat. at 298. Under this scheme the Secretary should be able to reach a decision within the 30 day deadline, as required by § 1553(c)(2). Given the flexibility of due process requirements and ability of the Inspector General to extend investigations under § 1553(b)(2)(B) as the need arises, the DOE would have been able to comply with § 1553 while respecting BCI’s due process rights.
While I agree with the panel’s conclusion that “BCI’s due process rights were violated because the DOE never provided BCI a hearing,” I cannot agree with the summary statement that the procedures available under § 1553 would not have allowed the DOE to provide adequate process to BCI, see supra at 382-83.
ORDER
The petition for rehearing by the panel is granted for the limited purpose of remanding the Department of Education for the Secretary to issue a notice to the parties that Branden Mueller is deemed to have exhausted administrative remedies under ARRA § 1553(c)(3). Otherwise, the petition for rehearing by the panel is denied.